IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Louise A. Meanwell, Individually,<br>And on Behalf of a Minor Child, M.B.,<br><br>                       Plaintiff,<br><br>    -v.-<br><br>Jacqueline Hankle; Jason Bump; Mary Bump;<br>Ruth Supovitz, as an attorney in both personal<br>and professional capacity; James Leonard, of<br>the New York State Division of Criminal Justice<br>Services, individually; Benedict Conboy,<br>of the New York State Division of Criminal<br>Justice Services, individually; and presently<br>unidentified John and Jane Does,<br><br>                       Defendants. | Case No. 1:13-CV-0624<br>Before Hon. Gary L. Sharpe; and<br>Hon. Christian F. Hummel<br><br>**AMENDED COMPLAINT**<br>**42 U.S.C. § 1983** *et seq.*<br><br>**TRIAL BY JURY DEMANDED** |

**PLAINTIFF,** Louise Meanwell, and on behalf of Plaintiff's minor child M.B., hereby alleges and complains against the above-named Defendants upon her own personal knowledge, except as to those matters stated upon information and belief, as follows:

### PRELIMINARY STATEMENT

1. This is a civil rights action seeking monetary relief, compensatory damages, punitive damages, disbursements, costs and fees for civil rights violations and a civil rights conspiracy by private, politically connected persons acting in concert with state actors, and for ongoing violations of rights brought pursuant to 42 U.S.C. § 1983, under the First and Fourteenth Amendment to the United States Constitution, and for other violations of federal law, including but not limited to privacy laws, discrimination based upon national origin and pendent state claims for violations of the New York

State Constitution and other state law claims, and for actions in retaliation as a federal and state whistleblower.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331, 1343(3) and (4), and the First and Fourteenth Amendments to the U.S. Constitution. Pendent jurisdiction over Plaintiff's state law claims is proper pursuant to 28 U.S.C. § 1367.

3. This Court has jurisdiction under 42 U.S.C. § 1981 and 1983, because one or more of the Defendants are "state actors" acting "under color of state law" or "in concert" with a "state actor" acting "under color of state law" within the meaning of 42 U.S.C. 28 § 1983.

4. Venue is proper under U.S.C. § 1391(b) in the Northern District, because certain causes of action arose in the Northern District of New York, multiple Defendants have offices in the Northern District of New York, and/or significant actions, events, errors and omissions occurred in the Northern District of New York.

## PARTIES

5. Plaintiff Louise Meanwell is a British citizen who has maintained a British passport at all relevant times herein, and who obtained her Permanent Legal Residency and Green Card from the U.S. Immigration and Naturalization Services (hereinafter "I.N.S.") in or about 2002.

6. As a result of the conduct, wrongs, and actions herein, Plaintiff Louise Meanwell is also known under her birth surname Neathway and her former married surname Bump, and has a natural daughter, named M.B., born in the United States.

7. Plaintiff Louise Meanwell has resided at 76 Westgate Drive, Annandale, New Jersey, 08801, since or about July 2012, and previously resided in the New York City area, and the Capital District area of Albany, New York, and North Carolina.

8. Upon information and belief, Defendant Jacqueline Hankle is a former Officer-employee of the New York State Division of Criminal Justice Services (hereinafter "N.Y.S. D.C.J.S.") in the Albany area, who resides in the Capital District area and is also the aunt of Defendant Jason Bump. Defendant Hankle is and was a "state actor" for purposes of 42 U.S.C. § 1983.

9. Upon information and belief, Defendant Hankle was terminated from her position with the State of New York after a State Inspector-General's Report determined that Defendant Hankle had illegally accessed the N.Y.S. D.C.J.S. computer system and files over approximately 200 times, illegally accessing information against Plaintiff Louise Meanwell on at least 90 of said occasions.

10. Defendant Jason Bump is the former spouse of Plaintiff Louise Meanwell, and father of the minor child M.B., who resides in Averill Park, County of Rensselaer, New York, and who works for the U.S. Department of Housing and Urban Development (hereinafter "H.U.D.") in the Capital District area, where he used the H.U.D.'s computer systems to search Plaintiff Louise Meanwell using the H.U.D.'s 'PACER' capabilities. Defendant Jason Bump is politically connected with a relative who works in Homeland Security, who was previously a Lieutenant-Colonel of the New York State Police, but is now in the federal government in Albany. Defendant Jason Bump also attempted to use the stolen information in several different related Family Court actions before censured Albany County Family Court Judge Gerard Maney and

censured former Rensselaer County Family Court Judge Linda Griffin. Defendant Jason Bump also attempted to use stolen state information in other Family Court-ordered situations. Defendant Jason Bump is and was a state actor, and/or acted in concert with a state actor, for purposes of 42 U.S.C. § 1983.

11. Defendant Mary Bump is the mother of Defendant Jason Bump and also lives in Averill Park NY. She also worked for the H.U.D. in the Capital District area until recently due to retirement and when internal investigations were taking place within the H.U.D. Mary Bump admitted to federal agents to using the H.U.D.'s computers to "Google" search Plaintiff Louise Meanwell for entertainment purposes. Defendant Mary Bump acted "in concert" with a state actor, for purposes of 42 U.S.C. § 1983.

12. Defendant Mary Bump is also the natural grandmother of the minor child "M.B." and is politically connected with relatives and/or contacts within the federal government in Albany at H.U.D., Homeland Security and others previously within the New York State Police.

13. Upon information and belief, Defendant Ruth Supovitz is an attorney licensed in the State of New York, and at all relevant times herein was working in the Capital District region as a private attorney and Law Guardian (now Attorney for the Child), and as such is a state actor, and/or acted in concert with a state actor, for purposes of 42 U.S.C. § 1983, sued in both professional and personal capacities. Defendant Supovitz also represented defendant Jason Bump in Family Court proceedings during the aforementioned time frame of Defendant Hankle's illegal accessing of N.Y.S. D.C.J.S. records.

14. Upon information and belief, Defendant James Leonard was, at all relevant times herein, a State Officer working for the State Division of Criminal Justice Services in the Capital District region, and is a state actor for purposes of 42 U.S.C. § 1983, sued in an individual capacity.

15. Upon information and belief, Defendant Benedict Conboy was, at all relevant times herein, a State Officer working for the State Division of Criminal Justice Services in the Capital District region, and is a state actor for purposes of 42 U.S.C. § 1983, sued in an individual capacity.

16. Upon information and belief, John and Jane Does are named but presently unidentified persons, entities and Defendants, violating the privacy, Constitutional and other rights of the Plaintiff.

## FACTUAL BACKGROUND

<u>Connected Defendant Bump Arranged for I.N.S. Agents to Harass Plaintiff at Plaintiff's Place of Business at Albank, Albany, New York</u>.

17. Very early on during the separation and divorce proceedings with Defendant Jason Bump, Plaintiff Louise Meanwell learned first-hand about the power of inside political connections.

18. In or about 1998, within days (approximately 48 hours or less) of Plaintiff and Defendant Jason Bump signing a Separation Agreement after Plaintiff had experienced multiple acts of domestic violence at the hands of Defendant Bump, Defendant Jason Bump and/or other unknown Defendants herein, arranged for two federal I.N.S. agents to come into Plaintiff's place of work at Albank, Albany, to allegedly claim Plaintiff fraudulently married Defendant Bump to obtain residency in the United States.

19. Plaintiff experienced mental anguish and fear of arrest.

20. Plaintiff was not a criminal or violent person, of the type to ordinarily experience such rapid and alarming response by federal agents, but instead was a young mother from England working an honest job.

21. Although Plaintiff was able to avoid arrest that day, Plaintiff would thereafter endure nearly three years of hearings in the Federal I.N.S. Court in Buffalo, New York, in relation to Defendants Jason and Mary Bump's actions and false statements, thereby suffering lost time from work, travel, litigation costs, and more.

22. The campaign of harassment, inside political connections, and wrongful conduct in concert with state actors would not end there, however; but instead would continue for nearly 8 more years, up to and including the present day on an ongoing basis.

23. Plaintiff Louise Meanwell, upon information and belief, subsequently finds multiple "searches" of her Driver's License and related records during these time periods through responses to New York State Freedom of Information Law (hereinafter "FOIL") requests.

<u>Direct Proof of Inside State Actor Illegal Access to Information of Plaintiff Louise Meanwell Confirmed as State Inspector-General Report is Released Against Defendant Jacqueline Hankle in June of 2010</u>.

24. Upon information and belief, Plaintiff's suspicions of inside political collusion among Defendants the Bumps and various state actors is confirmed on or about June 3, 2010, upon the release of a State Inspector-General's report finding that Defendant Jason Bump's aunt Jacqueline Hankle committed at least 90 Misconduct Violations of Computer Trespass in relation to information illegally accessed against Plaintiff during the years 2000 through 2008. *See* Exhibit A.

25. Upon information and belief, Defendant Hankle was charged with N.Y. PEN. LAW § 195.00 Official Misconduct and N.Y. PEN. LAW § 156.10 Computer Trespass, and pleaded guilty to N.Y. PEN. LAW § 195.00 Official Misconduct in or about August 2010. *See* Exhibit B. Plaintiff Louise Meanwell was also issued a full stay-away order of protection against defendant Hankle.

26. Upon information and belief, proper auditing at the D.C.J.S. would have revealed the ongoing collusion among state actors. An audit in 2004 and 2005 alleged no intrusion incidents within the agency, which were obviously found to be untrue.

27. Upon information and belief, at all relevant times herein, Defendants Leonard and Conboy had access to the D.C.J.S. search records database, had knowledge of the illegal searches being committed by Defendant Hankle, and/or should have known about said illegal searches, were in a position of authority to train and supervise Hankle, and were negligent in the training and supervision of Defendant Hankle, a state actor.

<u>Defendants Jason Bump and Supovitz use the illegally obtained information in Family Court child custody proceedings</u>

28. Upon information and belief, Defendant Jason Bump disclosed the illegally obtained information to his attorney at that time, Defendant Supovitz, who subsequently used said information in child custody proceedings relating to M.B., in which Plaintiff was a party, in the Albany County Family Court, knowing or reasonably being able to know, that said information had been illegally obtained. Custody of M.B. was subsequently awarded to Defendant Jason Bump, in part based on the illegally-obtained information provided to the Court. Said information was also used in other Family Court-ordered situations relating to Plaintiff.

## CAUSES OF ACTION

### AS AND FOR THE FIRST COUNT: VIOLATION OF PROCEDURAL DUE PROCESS RIGHT TO PRIVACY OF PLAINTIFF LOUISE MEANWELL BY ILLEGAL ACCESSING OR ORDERING ACCESS OF PLAINTIFF'S CONFIDENTIAL RECORDS

29. Plaintiff repeats each and every allegation in paragraphs 1-28 as if specifically repeated herein.

30. The Fourteenth Amendment to the United States Constitution provides that no person shall be deprived "of life, liberty or property, without due process of law." U.S. Constitution Amendment XIV § 1.

31. Plaintiff has a protected liberty interest in the confidentiality of Plaintiff's records.

32. Plaintiff's right to procedural due process in the custody, possession, access and/or disclosure of Plaintiff's confidential records, guaranteed by the Fourteenth Amendment, was violated by Defendant Hankle, acting under color of state law, and by Defendant Jason Bump, either acting under color of state law and/or in concert with said state actor Defendants, and by Defendant Mary Bump, acting in concert with said state actors, in violation of 42 U.S.C. § 1983.

33. Defendants Hankle, Jason Bump, and Mary Bump invaded and breached the privacy of Plaintiff Louise Meanwell by either intentionally illegally accessing or ordering said access of private and confidential records containing personal information regarding Plaintiff Louise Meanwell.

34. Defendants Leonard and Conboy are liable for the aforementioned procedural due process violations and all reasonably foreseeable harm caused thereby, because they possessed final policy-making authority, and intentionally and knowingly authorized, approved, or acquiesced in the aforementioned unconstitutional conduct, and/or were

deliberately, callously or recklessly indifferent, and/or negligent, to Plaintiff's constitutional rights, by failing to adequately train and supervise Defendant Hankle, who ordered and/or carried out said unconstitutional conduct, and by failing to prevent said illegal conduct.

35. Defendants Hankle, Jason Bump, Mary Bump, Leonard and Conboy are liable to Plaintiff Louise Meanwell for procedural due process violations of the First, Fourth, and Fourteenth Amendments to the U.S. Constitution, and under 42 U.S.C. § 1983 by breaching Plaintiff's privacy rights and/or by failing to prevent the aforementioned illegal conduct.

<u>AS AND FOR THE SECOND COUNT: VIOLATION OF SUBSTANTIVE DUE PROCESS RIGHT TO PRIVACY OF PLAINTIFF LOUISE MEANWELL BY ILLEGAL ACCESSING OR ORDERING ACCESS OF PLAINTIFF'S CONFIDENTIAL RECORDS</u>

36. Plaintiff repeats each and every allegation in paragraphs 1-31 as if specifically repeated herein.

37. Plaintiff's right to substantive due process in the custody, possession, access and/or disclosure of Plaintiff's confidential records, guaranteed by the Fourteenth Amendment, was violated by Defendant Hankle, acting under color of state law, and by Defendant Jason Bump, either acting under color of state law and/or in concert with said state actor Defendants, and by Defendant Mary Bump, acting in concert with said state actors, in violation of 42 U.S.C. § 1983.

38. Defendants Hankle, Jason Bump, and Mary Bump invaded and breached the privacy of Plaintiff Louise Meanwell by either intentionally illegally accessing or ordering said access of private and confidential records containing personal information regarding Plaintiff Louise Meanwell.

39. Defendants Leonard and Conboy are liable for the aforementioned substantive due process violations and all reasonably foreseeable harm caused thereby, because they possessed final policy-making authority, and intentionally and knowingly authorized, approved, or acquiesced in the aforementioned unconstitutional conduct, and/or were deliberately, callously or recklessly indifferent, and/or negligent, to Plaintiff's constitutional rights, by failing to adequately train and supervise Defendant Hankle, who ordered and/or carried out said unconstitutional conduct, and by failing to prevent said illegal conduct.

40. Defendants Hankle, Jason Bump, Mary Bump, Leonard and Conboy are liable to Plaintiff Louise Meanwell for substantive due process violations of the First, Fourth, and Fourteenth Amendments to the U.S. Constitution, and under 42 U.S.C. § 1983 by breaching Plaintiff's privacy rights and/or by failing to prevent the aforementioned illegal conduct.

<u>AS AND FOR THE THIRD COUNT: VIOLATION OF PROCEDURAL DUE PROCESS RIGHT TO PRIVACY OF PLAINTIFF LOUISE MEANWELL BY ILLEGAL DISCLOSURE AND USE OF PLAINTIFF'S CONFIDENTIAL RECORDS IN CHILD CUSTODY PROCEEDINGS RELATING TO M.B. AND OTHER FAMILY-COURT ORDERED SITUATIONS</u>

41. Plaintiff repeats each and every allegation in paragraphs 1-31 as if specifically repeated herein.

42. Plaintiff has a protected liberty interest in the custody and care of Plaintiff's child.

43. Plaintiff's right to procedural due process in the disclosure and use of Plaintiff's confidential records, guaranteed by the Fourteenth Amendment, was violated by Defendant Hankle, acting under color of state law, and by Defendants Jason Bump and Supovitz, either acting under color of state law and/or in concert with said state

actor Defendants, and by Defendant Mary Bump, acting in concert with said state actors, in violation of 42 U.S.C. § 1983.

44. Defendants Hankle, Jason Bump, Mary Bump and Supovitz invaded and breached Plaintiff's privacy by knowingly, recklessly, and/or negligently disclosing and using Plaintiff's confidential records and information in child custody proceedings relating to M.B., in which Plaintiff was a party, in the Albany County Family Court, and in other Family Court-ordered situations relating to Plaintiff.

45. Defendants Leonard and Conboy are liable for the aforementioned procedural due process violations and all reasonably foreseeable harm caused thereby, because they possessed final policy-making authority, and intentionally and knowingly authorized, approved, or acquiesced in the unconstitutional conduct, and/or were deliberately, callously or recklessly indifferent, and/or negligent, to Plaintiff's constitutional rights, by failing to adequately train and supervise Defendant Hankle, who ordered and/or carried out the unconstitutional conduct, and/or by failing to prevent said illegal conduct, and/or said Defendants should reasonably have known that such information could be disclosed to third parties and used against Plaintiff.

46. Defendants Hankle, Jason Bump, Mary Bump, Leonard, Conboy and Supovitz are liable to Plaintiff Louise Meanwell for procedural due process violations of the First, Fourth, and Fourteenth Amendments to the U.S. Constitution, and under 42 U.S.C. § 1983 by breaching Plaintiff's privacy rights or by failing to prevent the aforementioned illegal conduct.

<u>AS AND FOR THE FOURTH COUNT: VIOLATION OF SUBSTANTIVE DUE PROCESS RIGHT TO PRIVACY OF PLAINTIFF LOUISE MEANWELL BY ILLEGAL DISCLOSURE AND USE OF PLAINTIFF'S CONFIDENTIAL</u>

## RECORDS IN CHILD CUSTODY PROCEEDINGS RELATING TO M.B. AND OTHER FAMILY-COURT ORDERED SITUATIONS

47. Plaintiff repeats each and every allegation in paragraphs 1-42 as if specifically repeated herein.

48. Plaintiff's right to substantive due process in the disclosure and use of Plaintiff's confidential records, guaranteed by the Fourteenth Amendment, was violated by Defendant Hankle, acting under color of state law, and by Defendants Jason Bump and Supovitz, either acting under color of state law and/or in concert with said state actor Defendants, and by Defendant Mary Bump, acting in concert with said state actors, in violation of 42 U.S.C. § 1983.

49. Defendants Hankle, Jason Bump, Mary Bump and Supovitz invaded and breached Plaintiff's privacy by knowingly, recklessly, and/or negligently disclosing and/or using Plaintiff's confidential records and information in child custody proceedings relating to M.B., in which Plaintiff was a party, in the Albany County Family Court, and in other Family Court-ordered situations relating to Plaintiff.

50. Defendants Leonard and Conboy are liable for the aforementioned substantive due process violations and all reasonably foreseeable harm caused thereby, because they possessed final policy-making authority, and intentionally and knowingly authorized, approved, or acquiesced in the unconstitutional conduct, and/or were deliberately, callously or recklessly indifferent, and/or negligent, to Plaintiff's constitutional rights, by failing to adequately train and supervise Defendant Hankle, who ordered and/or carried out the unconstitutional conduct, and/or by failing to prevent said illegal conduct, and/or said Defendants should reasonably have known that such information could be disclosed to third parties and used against Plaintiff.

51. Defendants Hankle, Jason Bump, Mary Bump, Leonard, Conboy and Supovitz are liable to Plaintiff Louise Meanwell for substantive due process violations of the First, Fourth, and Fourteenth Amendments to the U.S. Constitution, and under 42 U.S.C. § 1983 by breaching Plaintiff's privacy rights or by failing to prevent the aforementioned illegal conduct.

<u>AS AND FOR THE FIFTH COUNT: VIOLATION OF PROCEDURAL DUE PROCESS RIGHTS OF PLAINTIFF LOUISE MEANWELL'S RIGHT TO CUSTODY AND CARE OF M.B. BY ILLEGAL DISCLOSURE AND USE OF PLAINTIFF'S CONFIDENTIAL RECORDS IN CHILD CUSTODY PROCEEDINGS RELATING TO M.B. AND OTHER FAMILY-COURT ORDERED SITUATIONS</u>

52. Plaintiff repeats each and every allegation in paragraphs 1-42 as if specifically repeated herein.

53. Plaintiff's right to procedural due process in the termination of custody and care of M.B., guaranteed by the Fourteenth Amendment, was violated by Defendant Hankle, acting under color of state law, and by Defendants Jason Bump and Supovitz, either acting under color of state law and/or in concert with said state actor Defendants, and by Defendant Mary Bump, acting in concert with said state actors, in violation of 42 U.S.C. § 1983.

54. Defendants Hankle, Jason Bump, Mary Bump and Supovitz breached Plaintiff's right to custody and care of M.B. by knowingly, recklessly, and/or negligently disclosing and/or using Plaintiff's confidential records and information in child custody proceedings relating to M.B., in which Plaintiff was a party, in the Albany County Family Court, and in other Family Court-ordered situations relating to Plaintiff, leading to termination of Plaintiff's parental rights, partly due to said unlawful conduct.

55. Defendants Hankle, Jason Bump, Mary Bump and Supovitz are liable to Plaintiff Louise Meanwell for procedural due process violations of the First and Fourteenth Amendments to the U.S. Constitution, and under 42 U.S.C. § 1983 by breaching Plaintiff's rights to custody and care of M.B. and/or by failing to prevent the aforementioned illegal conduct.

<b>AS AND FOR THE SIXTH COUNT: VIOLATION OF SUBSTANTIVE DUE PROCESS RIGHTS OF PLAINTIFF LOUISE MEANWELL'S RIGHT TO CUSTODY AND CARE OF M.B. BY ILLEGAL DISCLOSURE AND USE OF PLAINTIFF'S CONFIDENTIAL RECORDS IN CHILD CUSTODY PROCEEDINGS RELATING TO M.B. AND OTHER FAMILY-COURT ORDERED SITUATIONS</b>

56. Plaintiff repeats each and every allegation in paragraphs 1-42 as if specifically repeated herein.

57. Plaintiff's right to substantive due process in the termination of custody and care of M.B., guaranteed by the Fourteenth Amendment, was violated by Defendant Hankle, acting under color of state law, and by Defendants Jason Bump and Supovitz, either acting under color of state law and/or in concert with said state actor Defendants, and by Defendant Mary Bump, acting in concert with said state actors, in violation of 42 U.S.C. § 1983.

58. Defendants Hankle, Jason Bump, Mary Bump and Supovitz breached Plaintiff's right to custody and care of M.B. by knowingly, recklessly, and/or negligently disclosing and/or using Plaintiff's confidential records and information in child custody proceedings relating to M.B., in which Plaintiff was a party, in the Albany County Family Court, and in other Family Court-ordered situations relating to Plaintiff, leading to termination of Plaintiff's parental rights, partly due to said unlawful conduct.

59. Defendants Hankle, Jason Bump, Mary Bump and Supovitz are liable to Plaintiff Louise Meanwell for substantive due process violations of the First and Fourteenth Amendments to the U.S. Constitution, and under 42 U.S.C. § 1983 by breaching Plaintiff's rights to custody and care of M.B. and/or by failing to prevent the aforementioned illegal conduct.

### AS AND FOR THE SEVENTH COUNT: VIOLATION OF PROCEDURAL DUE PROCESS RIGHTS OF M.B. BY ILLEGAL DISCLOSURE AND USE OF PLAINTIFF'S CONFIDENTIAL RECORDS IN CHILD CUSTODY PROCEEDINGS RELATING TO M.B. AND OTHER FAMILY-COURT ORDERED SITUATIONS

60. Plaintiff repeats each and every allegation in paragraphs 1-42 as if specifically repeated herein.

61. M.B.'s right to procedural due process in Plaintiff's termination of custody and care of M.B., guaranteed by the Fourteenth Amendment, was violated by Defendant Hankle, acting under color of state law, and by Defendants Jason Bump and Supovitz, either acting under color of state law and/or in concert with said state actor Defendants, and by Defendant Mary Bump, acting in concert with said state actors, in violation of 42 U.S.C. § 1983.

62. Defendants Hankle, Jason Bump, Mary Bump and Supovitz breached M.B.'s procedural due process rights by knowingly, recklessly, and/or negligently disclosing and/or using Plaintiff's confidential records and information in child custody proceedings relating to M.B., in which Plaintiff was a party, in the Albany County Family Court, and in other Family Court-ordered situations relating to Plaintiff, leading to termination of Plaintiff's parental rights of M.B., partly due to said unlawful conduct.

63. Defendants Hankle, Jason Bump, Mary Bump and Supovitz are liable to M.B. for procedural due process violations of the First and Fourteenth Amendments to the U.S. Constitution, and under 42 U.S.C. § 1983 by breaching M.B.'s procedural due process rights and/or by failing to prevent the aforementioned illegal conduct.

### AS AND FOR THE EIGHTH COUNT: VIOLATION OF SUBSTANTIVE DUE PROCESS RIGHTS OF M.B. BY ILLEGAL DISCLOSURE AND USE OF PLAINTIFF'S CONFIDENTIAL RECORDS IN CHILD CUSTODY PROCEEDINGS RELATING TO M.B. AND OTHER FAMILY-COURT ORDERED SITUATIONS

64. Plaintiff repeats each and every allegation in paragraphs 1-42 as if specifically repeated herein.

65. M.B.'s right to substantive due process in Plaintiff's termination of custody and care of M.B., guaranteed by the Fourteenth Amendment, was violated by Defendant Hankle, acting under color of state law, and by Defendants Jason Bump and Supovitz, either acting under color of state law and/or in concert with said state actor Defendants, and by Defendant Mary Bump, acting in concert with said state actors, in violation of 42 U.S.C. § 1983.

66. Defendants Hankle, Jason Bump, Mary Bump and Supovitz breached M.B.'s substantive due process rights by knowingly, recklessly, and/or negligently disclosing and/or using Plaintiff's confidential records and information in child custody proceedings relating to M.B., in which Plaintiff was a party, in the Albany County Family Court, and in other Family Court-ordered situations relating to Plaintiff, leading to termination of Plaintiff's parental rights of M.B., partly due to said unlawful conduct.

67. Defendants Hankle, Jason Bump, Mary Bump and Supovitz are liable to M.B. for substantive due process violations of the First and Fourteenth Amendments to the U.S. Constitution, and under 42 U.S.C. § 1983 by breaching M.B.'s substantive due process rights and/or by failing to prevent the aforementioned illegal conduct.

<u>AS AND FOR THE SEVENTH COUNT: VIOLATIONS OF NEW YORK STATE CONSTITUTIONAL RIGHTS OF PLAINTIFF LOUISE MEANWELL</u>

68. Plaintiff repeats each and every action in paragraphs 1-68 as if specifically repeated herein.

69. Defendants are liable to Plaintiff Louise Meanwell for violations of Art. I, §§ 11 and 12 of the New York State Constitution.

<u>AS AND FOR THE EIGHTH COUNT: VIOLATIONS OF NEW YORK STATE CONSTITUTIONAL RIGHTS OF M.B.</u>

70. Plaintiff repeats each and every action in paragraphs 1-68 as if specifically repeated herein.

71. Defendants are liable to M.B. for violations of Art. I, §§ 11 and 12 of the New York State Constitution.

**WHEREFORE, Plaintiff demands a trial by jury on the causes of action herein and seeks judgment on the causes of action herein as follows:**

72. As and for the First Count, Plaintiff seeks $5 (five) million U.S. Dollars, together with costs and fees as allowed by law;

73. As and for the Second Count, Plaintiff seeks $5 (five) million U.S. Dollars, together with costs and fees as allowed by law;

74. As and for the Third Count, Plaintiff seeks $5 (five) million U.S. Dollars, together with costs and fees as allowed by law;