UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LOUISE A. MEANWELL, Individually and on Behalf of a Minor Child, M.B.,

                              *Plaintiff*,

      -against-

JACQUELINE HANKLE; JASON BUMP; MARY BUMP; RUTH SUPOVITZ, AS AN ATTORNEY IN BOTH PERSONAL AND PROFESSIONAL CAPACITY; JAMES LEONARD, OF THE NEW YORK STATE DIVISION OF CRIMINAL JUSTICE SERVICES, INDIVIDUALLY; BENEDICT CONBOY, OF THE NEW YORK STATE DIVISION OF CRIMINAL JUSTICE SERVICES, INDIVIDUALLY; AND PRESENTLY UNIDENTIFIED JOHN AND JANE DOES,

                              *Defendants*.

**ANSWER**

**Jury Trial Demanded**

13-CV-0624

GLS/CFH

---

Defendants James Leonard and Benedict Conboy, by their attorney, Eric T. Schneiderman, Attorney General of the State of New York, Colleen D. Galligan, Assistant Attorney General, of counsel, answer the Amended Complaint as follows:

1. Paragraph 1 of the Amended Complaint constitutes Plaintiff's characterization of the proceedings and, as such, requires no response from Defendants.

2. Paragraph 2 of the Amended Complaint is a jurisdictional statement and, as such, requires no response from Defendants.

3. To the extent Paragraphs 3 and 4 are jurisdictional statements, responses are not required. Defendants deny the allegations contained in Paragraphs 3 and 4 of the Amended Complaint to the extent that they allege Defendants were state actors or acted under color of law.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 5, 6, 7, 10, 11, 12, 13, 16, 17, 18, 19, 20, 21, 22, 23, 25, 28, 33, 38, 43, 44, 49, 54, 58, and 66 of the Amended Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Complaint, except admit that Defendant Hankle is a former employee of the New York State Division of Criminal Justice Services ("DCJS"), and deny that Defendant Hankle was a state actor of the purposes of 42 U.S.C. § 1983.

6. Admit the allegations contained in Paragraph 9 of the amended complaint, upon information and belief.

7. Deny the allegations contained in Paragraph 14 of the Amended Complaint, except admit that Defendant Leonard was employed by DCJS, in the capital region, for a period of time.

8. Deny the allegations contained in Paragraph 15 of the Amended Complaint, except admit that Defendant Conboy was employed by DCJS, in the capital region, for a period of time.

9. Deny the allegations contained in Paragraph 24 of the Amended Complaint as to Defendants Leonard and Conboy; deny knowledge or information sufficient to form a belief as to the truth of the allegations with regard to the other Defendants; and refer the Court to the State Inspector General's Report itself for the findings contained therein.

10. Deny the allegations contained in Paragraphs 26, 27, 34, 35, 39, 40, 45, 46, 50, 51, and 71 of the Amended Complaint.

11. Paragraphs 29, 36, 41, 47, 52, 56, 60, 64, 68, and 70 of the Amended Complaint simply repeat and incorporate allegations contained in prior paragraphs of the Amended Complaint and require no independent response.

12. With regard to the allegations contained in Paragraph 30 of the Amended Complaint, refer the Court to the United States Constitution for the language contained therein.

13. Refer all questions of law contained in Paragraph 31 of the Amended Complaint to the Court.

14. Deny the allegations contained in Paragraph 32 of the Amended Complaint as to Defendants Leonard and Conboy, and deny knowledge or information sufficient to form a belief as to the truth of the allegations with regard to the other Defendants.

15. Deny the allegations contained in Paragraphs 37, 48, 53, 57, 61, 65, and 69 of the Amended Complaint as to Defendants Leonard and Conboy; deny knowledge or information sufficient to form a belief as to the truth of the allegations with regard to the other Defendants; and refer all questions of law to the Court.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 55, 59, 62, 63 and 67 of the Amended Complaint, and refer all questions of law to the Court.

17. Deny that Plaintiff is entitled to the relief demanded in Paragraphs 72, 73, 74, 75, 76, 77, 78, 79, and 80 of the Amended Complaint.

18. Deny any allegation of the Amended Complaint not specifically responded to above.

## Defenses

19. The complaint fails to state a claim upon which relief can be granted.

20. At all relevant times Defendants James Leonard and Benedict Conboy acted under the reasonable belief that their conduct was in accordance with clearly established law. They are, therefore, protected under the doctrine of qualified immunity.

21. To the extent that this action raises claims already raised in prior actions brought by Plaintiff, the complaint is barred, at least in part, under principles of res judicata and collateral estoppel.

22. To the extent plaintiff raises state law claims, they are barred by section 24 of the Correction Law, by the Eleventh Amendment, and by other state law.

23. The complaint is barred by the applicable statute of limitations.

24. The complaint is barred, in whole or in part, under the Eleventh Amendment.

25. Defendants James Leonard and Benedict Conboy are not personally involved in the alleged constitutional or statutory violations, and they are therefore not liable under 42 U.S.C. § 1983. The doctrine of <u>respondeat superior</u> does not apply in civil rights cases, and the complaint should therefore be dismissed.

26. To the extent this action is brought for mental or emotional injury, plaintiff is barred from proceeding without a prior showing of physical injury.

27. Defendants James Leonard and Benedict Conboy hereby demand a trial by jury.

WHEREFORE, Defendants James Leonard and Benedict Conboy respectfully ask that this Court deny the relief requested, dismiss the Amended Complaint, and grant such other relief as to the Court shall seem is just and equitable.

Dated: Albany, New York
       June 26, 2013

                                            ERIC T. SCHNEIDERMAN
                                            Attorney General of the State of New York
                                            Attorney for Defendants James Leonard
                                                and Benedict Conboy
                                            The Capitol
                                            Albany, New York  12224-0341


                                          By: *s/ Colleen D. Galligan*
                                            Colleen D. Galligan
                                            Assistant Attorney General, of Counsel
                                            Bar Roll No.   105167
                                            Telephone:    (518) 402-2223
                                            Fax: (518) 473-1572 (not for service of papers)
                                            Email: colleen.galligan@ag.ny.gov


TO:   Daniel I. Geller, Esq.
      525 West 49th Street
      Suite 2C
      New York, NY  10019