### *UNITED STATES DISTRICT COURT*
### *NORTHERN DISTRICT OF NEW YORK*

**HONORABLE GARY L. SHARPE**

**UNIFORM PRETRIAL SCHEDULING ORDER**

**LOUISE A. MEANWELL, etc.**

     **vs.**                            **Civil No.   1:13-CV-624 (GLS/CFH)**

**JACQUELINE HANKLE, et. al.**

       Counsel for all parties having reported on the status of this action as directed by the Court, and the Court having considered the positions of the respective counsel regarding a schedule for the progression of the case,

      **IT IS ORDERED** that:

**1) THE DEADLINES SET IN THIS SCHEDULING ORDER SUPERSEDE THE DEADLINES SET FORTH IN FED. R. CIV. P.26(a)(3) AND ARE FIRM AND WILL NOT BE EXTENDED, EVEN BY STIPULATION OF THE PARTIES, ABSENT GOOD CAUSE.  See Fed. R. Civ. P. 16(b).**

**2) VENUE MOTIONS** are to be filed **within sixty (60) days of the date of this Order** following the procedures set forth in Local Rule 7.1 (b)2 and are to be made returnable before the assigned Magistrate Judge.

**3) JURISDICTION MOTIONS** are to be <u>filed</u> **within sixty (60) days of the date of this Order** following the procedures set forth in Local Rule 7.1 (b)1 (unless a party who is not an attorney is appearing pro se, in which case L.R. 7.1 (b)2 should be followed) and are to be made returnable before Judge Sharpe.

**4) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before_____**10/31/13**_____.

**5) AMENDMENT OF PLEADINGS:** Any application to amend any pleading in this action shall be made on or before_____**10/31/13**_____.

**6) DISCOVERY**: All discovery in this matter is to be **completed** on or before _**4/18/14**___.  Service of discovery requests must be made a sufficient number of days before this deadline to allow responses to be served before the cut-off. Please refer to Local Rule 16.2 (Discovery Cut-Off).

**1**

**Special procedures for management of expert witnesses:**

There will be binding disclosure of the identity of expert witnesses (including a curriculum vitae) as set forth below.

**(a) Expert Reports**. With regard to experts who are retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony:

**(1)** No later than **90 days prior to the discovery deadline** set in paragraph 6 above, **PLAINTIFF(S)** shall identify any expert(s) and, unless waived, shall serve on the other parties the expert's written report pursuant to Fed. R. Civ. P. 26(a)(2)(B).

**Plaintiff's Expert Disclosure** to be submitted by___**1/17/14**_____.

**NOTE:** When a treating physician is expected to be called as a witness, he or she must also be identified in accordance with this rule. The production of written reports prepared by a treating physician, pursuant to Fed. R. Civ. P. 26(a)(2)(B), is encouraged as an aid to settlement, but not required. (See Notes of Advisory Committee on Rules 1993 Amendment) In the case of any treating professional or other expert witness not required by the court's rules to provide a written report, the party anticipating calling the witness must also disclose, at least 90 days prior to the close of discovery, the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705 and a summary of the facts and opinions to which the witness is expected to testify, pursuant to Fed.R.Civ.P. 26(a)(2)(C).

**(2)** No later than **45 days prior to the discovery deadline** set in paragraph 6 above, **DEFENDANT(S)** shall identify any expert(s) and, unless waived, shall serve on the other parties the expert's written report pursuant to Fed. R. Civ. P. 26(a)(2)(B).

**Defendant's Expert Disclosure** t be submitted by___**3/3/14**_____.

**(3)** No later than **30 days prior to the discovery deadline** set in paragraph 6 above, **ALL PARTIES** must identify all experts who will contradict or rebut evidence on the same subject matter identified by another party under subparagraphs 6(a)(1) and (2) above and, unless waived, shall serve on the other parties the expert's written report

**2**

pursuant to Fed. R. Civ. P. 26(a)(2)(B).

**Rebuttal** to be submitted by _____**3/18/14**_____.

(4) No deposition of experts shall be taken until AFTER the exchange of the expert reports, UNLESS THE PARTIES AGREE.

**(5)** Motions to preclude expert witness testimony must be filed and served on or before the dispositive motion deadline as set forth in paragraph seven (7) below.

**(b)** The failure to comply with the deadlines set forth in subparagraph (a) above may result in the imposition of sanctions, including the preclusion of testimony, pursuant to Fed. R. Civ. P. 16(f).

**(c)** In order to avoid the possibility of the unavailability of an expert witness at the time set for trial, counsel may preserve the testimony of such witness as outlined in 11(B)(2) below for use at trial.  In the absence of same the trial will proceed without such testimony.

**7) MOTIONS** other than those made under paragraphs 2 and 3 above are to be **filed on or before**____**9/26/14**_____.

**NOTE: If no dispositive motion(s) are filed**, the motion filing deadline becomes the Trial Ready Date.  (See Trial Date at 8(a) below).  **If dispositive motion(s) are filed**, PLAINTIFF'S COUNSEL shall contact Judge Sharpe's Courtroom Clerk.  (See Dispositive Motions at 7(b) below).

**(a) NON-DISPOSITIVE MOTIONS.** Non-dispositive motions (except venue motions -paragraph 2 above- and motions for injunctive relief) shall **NOT** be filed until after a conference with the Magistrate Judge, which is to be arranged through the Courtroom Deputy Clerk assigned to the Magistrate Judge.  Before requesting such a conference to resolve discovery disputes, the parties must have complied with Local Rule 7.1 (d).

Non-dispositive motions, including discovery motions, shall be filed in accordance with Local Rule 7.1(b)2 and, except for motions for injunctive relief, shall be made returnable before the assigned Magistrate Judge. Motions for injunctive relief shall be made returnable before Judge Sharpe unless the case has been referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(c) ("consent" jurisdiction).

**(b) DISPOSITIVE MOTIONS:** Dispositive motions shall be filed in accordance with Local Rule 7.1(b) and shall be made returnable before Judge Sharpe.

## 8) <u>TRIAL DATE:</u>

**(a) When no dispositive motion is filed**, the motion filing deadline becomes the trial ready date.  The Court will issue a notice scheduling a Final Pretrial Conference and Trial Date.  Counsel may contact Judge Sharpe's Courtroom Clerk, at any time, to request that a settlement conference or trial date be scheduled.

**(b) When a dispositive motion is filed and the motion filing deadline has expired**, the case is marked trial ready upon issuance of the motion decision.  PLAINTIFF'S COUNSEL shall contact  Judge Sharpe's Courtroom Clerk within one week after receiving the Court's decision on the motion to request a scheduling conference.  Any request for an extension of the Rule 16 uniform pretrial order deadline(s) will be addressed by Judge  Sharpe at the time of the conference.

**(c) When a dispositive motion is filed and the motion filing deadline HAS NOT expired**, the case will continue on the pretrial schedule previously set in the Rule 16 uniform pretrial scheduling order. Any request for an extension of the Rule 16 uniform pretrial order deadline(s) should be addressed by the assigned magistrate judge.

It is anticipated that the trial will take approximately __**5**__ day(s) to complete.  This is a _____**Jury**_____ trial.

TRIAL READY DATE:
(This date is the same date as the motion filing deadline. See paragraph 7)

**8a) Witness Availability for Trial:**

The unavailability of any witness, expert or otherwise, will not be grounds for a continuance.  To avoid a trial going forward without the testimony of an unavailable witness, counsel shall preserve the appropriate testimony, for trial, by written or video-taped deposition.

**9) <u>SETTLEMENT CONFERENCE:</u>** A settlement conference may be scheduled at the Court's direction or by the request of counsel AT ANY TIME. In addition to counsel, a representative of each party with **settlement authority** shall attend the

4

settlement conference OR be available by telephone. A PRETRIAL/SETTLEMENT CONFERENCE STATEMENT FORM IS ATTACHED AND SHOULD BE SUBMITTED TO THE COURTROOM CLERK'S ATTENTION *ONE WEEK* PRIOR TO THE SCHEDULED CONFERENCE.

**10) ASSESSMENT OF JUROR COSTS**: The parties are advised that pursuant to Local Rule 47.3, whenever any civil action scheduled for a jury trial is postponed, settled, or otherwise disposed of in advance of the actual trial, then, except for good cause shown, all juror costs, including Marshal's fees, mileage, and per diem, shall be assessed against the parties and/or their counsel as directed by the Court, unless the Court and the Clerk's Office are notified at least one full business day prior to the day on which the action is scheduled for trial in time to advise the jurors that it will be unnecessary for them to attend.

**11) PRETRIAL SUBMISSIONS:**

**All pretrial submissions should be submitted in duplicate, unless otherwise noted.**

**Non-Jury Trials**: **One week before the Final Pretrial Conference date** counsel shall submit the following *original* documents to the Clerk's Office **in duplicate**, *with a copy served upon opposing counsel*:

• Joint Pretrial Stipulation (see subparagraph A below)
• All Depositions, including video-taped depositions, to be used at trial (see subparagraph E below)
• Prepared Findings of Fact and Conclusions of Law
• Witness List (see subparagraph B(1) below)
• Exhibit List (see subparagraph C(1) below)
• Trial Brief concerning evidentiary issues (see subparagraph F below)
• Motions in Limine (see subparagraph D below)

**Jury Trials:** **One week before the Final Pretrial Conference** date counsel shall submit the following *original* documents to the Clerk's Office, *in duplicate except where noted, with a copy to opposing counsel:*

• Joint Pretrial Stipulation (see subparagraph A below)
• Court Ordered Voir Dire - Attachment #1
• Proposed Voir Dire
• Witness Lists (see subparagraph B(1) below)
• Exhibit Lists (see subparagraph C(1) below)
• Trial Brief (see subparagraph F below)
• Requests to Charge, including proposed Special Verdict Questionnaire

(see subparagraph G below)
- All depositions (including video-taped depositions) to be used at trial (see subparagraph E below)
- Motions in Limine (see subparagraph D below)

**(A)** **PRETRIAL STIPULATIONS:** A joint pretrial stipulation shall be subscribed by counsel for all parties and shall be filed with the Clerk's Office **in duplicate** and shall contain:

**(1)** The basis of federal jurisdiction;

**(2)** A list of all exhibits which can be stipulated into evidence or which will be offered without objection as to foundation;

**(3)** Relevant (a) facts not in dispute, (b) facts in dispute, and (c) issues of law to be considered and applied by the Court.

**(B)** **WITNESSES:**

**(1) One week before the Final Pretrial Conference date**, counsel shall file with the Clerk's Office, **in duplicate**, with a copy to opposing counsel, the following information regarding the witnesses that may be called to testify at trial other than solely for impeachment purposes.

**(a)** The name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises, as well as a brief summary of the testimony to be offered by each witness.

**(b)** The designation of those witnesses whose testimony is expected to be presented by means of a deposition (including video-taped deposition), specifically identifying the pertinent portions of the deposition testimony to be offered.

**(2)** The unavailability of any witness, expert, or otherwise, will not be grounds for a continuance.  In order to avoid the possibility of going forward with the trial without the testimony of an unavailable witness, counsel, where appropriate, shall preserve same before the trial ready date by written or video-taped deposition for possible use at trial. (Please refer to the attached instruction sheet for the use of video-taped depositions.)  **NOTE: Pursuant to paragraph 8(a) above, the trial date may be advanced to the motion deadline if no dispositive motions are filed.**

**6**

**(C)** **EXHIBITS:** All exhibits shall be marked for identification in the manner prescribed below prior to the filing of the trial briefs.  A complete set of copies of the exhibits shall be presented to Judge Sharpe's Courtroom Clerk at the beginning of the trial.

The exhibits shall have been inspected by the opposing party and copied at their expense (unless waived), **NO LATER THAN ONE WEEK PRIOR TO THE FINAL PRETRIAL CONFERENCE DATE.**  All documents and/or papers intended as exhibits or to be used during the course of trial, including but not limited to, documents, photographs, charts, diagrams, etc., shall be assembled in **BINDERS** with each document properly marked at the lower right corner for identification purposes as directed below.  In voluminous cases, consult with Judge Sharpe's Courtroom Clerk for the proper procedure to follow.

**NOTE**: **During the course of trial the Courtroom Clerk shall take charge of exhibits which are _received into evidence._  At the conclusion of the trial, the Courtroom Clerk will immediately return all of the exhibits to the proper parties. It is the responsibility of the parties to maintain the exhibits and to produce the exhibits for any appeal.**

**(1) EXHIBIT LISTS: One week before the Final Pretrial Conference date** counsel shall file with the Clerk's Office, **in duplicate**, with a copy to opposing counsel, an Exhibit List.  The exhibits shall be listed on the form prescribed by the Court, a copy of which is attached to this Order.  Counsel are to supply all the requested information with the exception of the two "Date Boxes" which should remain blank.

**(2) EXHIBIT MARKERS:** Counsel shall fill in the appropriate markers leaving the "File" and "Deputy Clerk" lines blank.  All exhibits shall be assigned numbers by using a prefix of "P" for plaintiff, "D" for defendant, and "G" for Government (U.S. Attorney).

Plaintiff's exhibits should be denoted as: P-l, P-2, P-3, etc. Defendant's exhibits should be denoted as: D-l, D-2, D-3, etc. Government's exhibits should be denoted as: G-l, G-2, G-3, etc.  In cases involving multiple defendants, the exhibits shall be denoted with the initial of the last name of the defendant and its numerical identification number.

Stickers shall be affixed whenever possible to the lower right-hand corner of the exhibit.  If the exhibit marker is going to cover any information on the exhibit, then affix the marker to the reverse side of the exhibit.  Each exhibit shall also have an exhibit number in the upper right hand corner of the exhibit (P-l, P-2, etc. or D-l, D-2, etc.).

**(D)** **MOTIONS IN LIMINE: One week before the Final Pretrial Conference date** counsel shall file with the Clerk's Office, **in duplicate**, with a copy to opposing counsel, any motions in limine, citing the applicable rules of evidence and

case law.  Counsel shall file any response to a motion in limine  no later than **three days before the Final Pretrial Conference date**.  __MOTIONS IN LIMINE MAY NOT OTHERWISE BE FILED WITHOUT LEAVE OF THE COURT.__

**(E)** __DEPOSITIONS__**: One week before the Final Pretrial Conference date** counsel shall file with the Clerk's Office, **in duplicate**, all depositions (including video-taped depositions, however, counsel need not file video-taped depositions in duplicate) to be used at trial.  To the extent possible, objections are to be resolved between the parties.  Areas of unresolved disagreement shall be presented to the Court for ruling at the Final Pretrial Conference. (See attached instruction sheet for use of video-taped depositions.)

**(F)** __TRIAL BRIEFS:__ **One week before the Final Pretrial Conference date** counsel shall file with the Clerk's Office, **in duplicate**, with a copy to opposing counsel, a trial brief containing argument and citations on any and all disputed issues of law, citing the applicable rules of evidence and case law.  Trial briefs should also include any evidentiary issues that are expected to arise.

**G)** __REQUESTS TO CHARGE:__ **One week before the Final Pretrial Conference date** counsel shall file with the Clerk's Office a request to charge and a proposed Special Verdict Questionnaire on a 3.5-inch computer disk, preferably in WordPerfect format, and on paper **in duplicate** with a copy to opposing counsel.  The request to charge need only include instructions that are specific to the law in this case regarding liability, damages, and any unusual issues.  The court has the usual boilerplate charge.

**(H)** __Alternate Dispute Resolution:__

This action has been :  __ designated for,  participation in the district's ADR program.                                __X__ opted out of,

The court has discussed the available ADR options with the parties and they have elected to participate in:

__ MEDIATION  __ ARBITRATION  __ EARLY NEUTRAL EVALUATION

Within 10 days of the issuance of this Order, the parties are directed to confer and select a neutral of their choice from a list of Court approved neutrals.   This list can be found on the Court's web page at http://www.nynd.uscourts.gov/adr.htm.   The parties shall contact the agreed upon neutral, ensure that the neutral does not have a conflict with any of the parties in the case and schedule a time to conduct the proceeding.

After the parties have selected a neutral, they are directed to execute a stipulation

setting forth the name of the agreed upon neutral and file the stipulation with the Court's ADR Administrator.   A form stipulation selecting a neutral can be found at the Court's web page at http://www.nynd.uscourts.gov/pdf/adr/adrstip.pdf.

The stipulation should be forwarded to:

> Suzanne Gunter – ADR Administrator
> U.S. District Court for the Northern District of New York
> James T. Foley U.S. Courthouse
> 445 Broadway, Room 509
> Albany, New York   12207

If the parties cannot agree on a neutral, they are directed to contact the ADR Administrator who will appoint one from the list of Court approved neutrals.  The ADR Administrator can be reached at 518-257-1807.  Failure to select a neutral or contact the ADR Administrator within the time frame allotted may result in disciplinary action.

The parties are directed to complete their ADR program by:   Opt-out   .

**So Ordered,**

**Dated:** **September 11, 2013**

Christian F. Hummel
U.S. Magistrate Judge

**9**

COURT ORDERED VOIR DIRE
TO BE USED BY THE JUDGE AT TRIAL


CASE TITLE:
CIVIL ACTION NO.:
ASSIGNED JUDGE OR MAGISTRATE JUDGE:


## ATTACHMENT #(1)

Each attorney is required to submit the following information on behalf of his/her client for use by the Court during Voir Dire and must be filed with the Court one week in advance of the trial ready date.

NAMES AND ADDRESSES OF ALL PARTIES TO THE LAWSUIT:


(use additional page if necessary)

YOUR NAME, FIRM NAME, ADDRESS AND THE NAME OF ANY PARTNER OR ASSOCIATE WHO MAY BE AT COUNSEL TABLE DURING THE COURSE OF THE TRIAL.


(use additional page if necessary)

SET FORTH THE DATE OF THE OCCURRENCE, THE PLACE OF THE OCCURRENCE AND A BRIEF STATEMENT OF THE EVENTS CENTRAL TO THE LITIGATION.


(use additional page if necessary)

SET FORTH THE NAMES AND ADDRESSES OF ALL LAY WITNESSES TO BE CALLED.

(use additional page if necessary)

SET FORTH THE NAMES AND ADDRESSES OF ALL EXPERT WITNESSES TO BE CALLED GIVING A BRIEF DESCRIPTION OF THEIR AREAS OF EXPERTISE.

(use additional page if necessary)

**11**

SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY CAUSE OF ACTION IN THE
COMPLAINT.

(use additional page if necessary)

SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY AFFIRMATIVE DEFENSE
ASSERTED AS WELL AS A STATEMENT ADDRESSING ANY COUNTERCLAIMS RAISED
IN THE ANSWER.

(use additional page if necessary)

--------------------------------

PLEASE TAKE NOTICE that any delay in jury selection occasioned by the failure to provide
this information will be explained to the jury as to the extent of the delay and the attorney
causing same and if the delay causes a one (1) day or more postponement of this trial,
appropriate monetary sanctions will be imposed by the Court.

Submitted by:
Date:

12

FINAL PRETRIAL ORDER  -  CONTINUED...

## INSTRUCTIONS FOR THE USE OF VIDEO TAPED DEPOSITIONS

COUNSEL ARE TO VIEW ALL VIDEOTAPES WHICH MAY BE OFFERED INTO EVIDENCE AT THE

TIME OF TRIAL.  ALL VIDEO-TAPED DEPOSITIONS TO BE USED AT TRIAL SHALL BE

FILED WITH THE CLERK'S OFFICE AT LEAST ONE WEEK BEFORE THE TRIAL READY

DATE.  NOT EARLIER THAN ONE WEEK AND NOT LESS THAN FOUR DAYS PRIOR TO

THE TRIAL READY DATE, EACH PARTY SHALL INDICATE TO THE OTHER PARTY THE

PORTION OF THE DEPOSITION TO BE OFFERED.  TO THE EXTENT POSSIBLE,

OBJECTIONS ARE TO BE RESOLVED BETWEEN THE PARTIES.   COUNSEL SHALL

SUBMIT ALL OBJECTIONS IN WRITING TO THE COURT FOR RULING PRIOR TO THE

TRIAL READY DATE.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


THE CLERKS OFFICE HAS AVAILABLE A VHS FORMAT VIDEO CASSETTE PLAYER AND

TELEVISION FOR USE AT TRIAL.  PLEASE BE ADVISED THAT YOU MUST PROVIDE A PERSON

TO RUN THE EQUIPMENT DURING THE COURSE OF THE TRIAL.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


## ELECTRONIC VISUAL EVIDENCE PRESENTER

IN ADDITION TO THE VIDEO EQUIPMENT NOTED ABOVE, THE COURT HAS AVAILABLE A

VISUAL EVIDENCE PRESENTER WHICH WILL ALLOW COUNSEL TO DISPLAY PHOTOS

(NEGATIVES OR POSITIVES), DOCUMENTS, X-RAYS, AND 3-D OBJECTS , WITHOUT WIRES,

ON TELEVISIONS PLACED THROUGHOUT THE COURTROOM.  THIS EQUIPMENT IS

**13**

AVAILABLE

AT THE COURTHOUSES IN ALBANY, SYRACUSE, UTICA AND BINGHAMTON.   USE OF THE VISUAL

PRESENTER MAY BE REQUIRED BY THE TRIAL JUDGE PRESIDING OVER YOUR CASE. FOR

FURTHER INFORMATION ON THE USE OF THIS EQUIPMENT, PLEASE CONTACT THE

COURTROOM DEPUTY CLERK FOR THE ASSIGNED TRIAL JUDGE.

| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF NEW YORK <br><br> CASE NO. _____ <br> PLAINTIFF EXHIBIT NO. _____ <br> DATE ENTERED _____ <br><br> LAWRENCE K. BAERMAN, CLERK <br> BY: _____ <br> DEPUTY CLERK | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF NEW YORK <br><br> CASE NO. _____ <br> DEFENDANT EXHIBIT NO. _____ <br> DATE ENTERED _____ <br><br> LAWRENCE K. BAERMAN, CLERK <br> BY: _____ <br> DEPUTY CLERK |
|---|---|
| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF NEW YORK <br><br> CASE NO. _____ <br> PLAINTIFF EXHIBIT NO. _____ <br> DATE ENTERED _____ <br><br> LAWRENCE K. BAERMAN, CLERK <br> BY: _____ <br> DEPUTY CLERK | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF NEW YORK <br><br> CASE NO. _____ <br> DEFENDANT EXHIBIT NO. _____ <br> DATE ENTERED _____ <br><br> LAWRENCE K. BAERMAN, CLERK <br> BY: _____ <br> DEPUTY CLERK |
| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF NEW YORK <br><br> CASE NO. _____ <br> PLAINTIFF EXHIBIT NO. _____ <br> DATE ENTERED _____ <br><br> LAWRENCE K. BAERMAN, CLERK <br> BY: _____ <br> DEPUTY CLERK | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF NEW YORK <br><br> CASE NO. _____ <br> DEFENDANT EXHIBIT NO. _____ <br> DATE ENTERED _____ <br><br> LAWRENCE K. BAERMAN, CLERK <br> BY: _____ <br> DEPUTY CLERK |

**14**

Page 1 of ___

United States District Court
For The Northern District Of New York

Case No. _____

Date: _____

Presiding Judge: _____

( ) Plaintiff                    ( ) Defendant                    ( ) Court

| Exhibit No. | Marked for Identification | Admitted Into Evidence | Remarks | Witness | Exhibit Description |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Exhibits Returned To Counsel (Date):_____

Signature:_____

Page ___ of ___

| Exhibit No. | Marked for Identification | Admitted Into Evidence | Remarks | Witness | Exhibit Description |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Exhibits Returned To Counsel (Date):_____

Signature:_____

PRETRIAL & SETTLEMENT CONFERENCE STATEMENT
# ( NOT FOR PUBLIC VIEW )

**\*\* THIS DOCUMENT WILL BE <u>PROVIDED TO</u> THE CLERK AND NOT FILED IN ACCORDANCE WITH L.R. 5.7**

**CASE NAME:** _____ **vs.**_____

**ACTION NO.:** _____

**ASSIGNED JUDGE:** _____

**ASSIGNED MAGISTRATE JUDGE:** _____

    Each Attorney is required to submit the following information on behalf of his or her client in short, concise form, in order to present a brief overview of the facts of the case. This information will be used by the Court during the scheduled final pretrial/settlement conference and therefore **must be provided to the Court five (5) days in advance of the conference date.**

**PARTY/PARTIES REPRESENTED;**

_____

_____

_____

_____
(use additional page if necessary)

**A BRIEF PERSONAL HISTORY REGARDING YOUR CLIENT(S);**

_____

_____

_____

_____
(use additional page if necessary)

**i**

**A BRIEF STATEMENT OF THE FACTS OF THE CASE;**

_____

_____

_____

_____

(use additional page if necessary)

**A BRIEF STATEMENT OF THE CLAIMS AND DEFENSES, i.e., STATUTORY OR OTHER GROUNDS UPON WHICH THE CLAIMS ARE FOUND; AND EVALUATION OF THE PARTIES' LIKELIHOOD OF PREVAILING ON THE CLAIMS AND DEFENSES; AND A DESCRIPTION OF THE MAJOR ISSUES IN DISPUTE; SET FORTH ANY DEMANDS OR OFFERS FOR SETTLEMENT**

_____

_____

_____

_____

(use additional page if necessary)

**A SUMMARY OF THE PROCEEDINGS TO DATE;**

_____

_____

_____

_____

(use additional page if necessary)

ii

**AN ESTIMATE OF THE COST AND TIME TO BE EXPENDED FOR FURTHER DISCOVERY, PRETRIAL AND TRIAL;**

_____

_____

_____ (use additional page if necessary)

**A BRIEF STATEMENT OF THE FACTS AND ISSUES UPON WHICH THE PARTIES AGREE;**

_____

_____

_____

_____
(use additional page if necessary)

**ANY DISCREET ISSUES WHICH, IF RESOLVED, WOULD AID IN THE DISPOSITION OF THE CASE;**

_____

_____

_____

_____
(use additional page if necessary)

**THE RELIEF SOUGHT;**

_____

_____

_____
(use additional page if necessary)

iii

**THE PARTIES' POSITION ON SETTLEMENT, INCLUDING PRESENT DEMANDS AND OFFERS, THE HISTORY OF PAST SETTLEMENT DISCUSSIONS, OFFERS AND DEMANDS;**

_____

_____

_____

(use additional page if necessary)

**PREFERRED TRIAL LOCATION, APPROXIMATE LENGTH OF TRIAL, AND WHETHER TRIAL IS JURY OR NON-JURY;**

_____

_____

_____

_____

(use additional page if necessary)

The Court requires that each party be represented at each pretrial conference by an attorney who has the authority to bind that party regarding all matters identified by the Court for discussion at the conference and all reasonably related matters including settlement authority.

Copies of the settlement statement shall be served upon the other parties at the time the statement is provided to the Court. This document will not be filed and will not be made available for public view.

Should the case be settled in advance of the pretrial/settlement conference date, counsel are required to notify the court immediately.  Failure to do so could subject counsel for all parties to sanctions.

Signature of Counsel: _____

Dated: _____

iv