June 3, 2014

Honorable Christian F. Hummel
United States Magistrate Judge
United States District Court

13-CV-624

RE: Meanwell v. Hankle, et al.
    13-cv-0624 (GLS/CFH)

Dear Judge Hummel:

   I respectfully request that Your Honor consider my request to deny Plaintiff's request to appear before the court telephonically, as well as her adjournment request of our June 5, 2014 hearing at 9:00 a.m. for the following reasons:

1. The Court advised all parties of this hearing date on May 23, 2014 – Plaintiff waited 10 days to make the request to appear telephonically. Additionally, it is my position that the request appears to have been made to accommodate Plaintiff's convenience - the two reasons given hardly appear to be valid.
2. Plaintiff claims that she has a **medical appointment** on the day of our hearing. Even if the court is to believe Plaintiff has a medical appointment on the date in question, even if the court believes that said appointment was not scheduled by Plaintiff herself so as to create a conflict, or that the appointment was made for this date prior to the court setting the hearing date, it remains irrefutable that Plaintiff has had ten days to reschedule said medical appointment.
3. If Plaintiff has **no means of transportation** how did she plan to ever appear for a deposition? For a trial? I beg the court consider that Plaintiff resided in New Jersey since prior to filing a lawsuit in the Capital District.  She knew that this would most certainly require that she appear before the court, in person, at some point. Furthermore Plaintiff would have the court believe that while she has admitted in Rensselaer County support court that her mother has paid tens of thousands of dollars to attorneys for Plaintiff, she won't allow her to borrow a vehicle, or that Plaintiff cannot rent a vehicle or take a train or a bus to Albany. Certainly Mr. Schockmel is not representing Plaintiff pro bono, so Plaintiff would have the court believe that while her mother will pay for her attorney in this matter, as well as her attorneys in her criminal matter in Manhattan, along with expert witnesses, she will not allow her to borrow $70 to rent a car for the day (exact cost from economy rent-a-car in New Jersey), nor pay for a train ticket.
4. Plaintiff claims that she must "gain permission to be out of my geographical area from a number of different entities / individuals due to my other situation". I can only surmise that this appears to be a reference to her bail bondsman and possibly others. I submit to the court that this alone

is evidence that Plaintiff never intended to appear before the court at the appointed time. Plaintiff would have the court believe that, knowing her request could be denied, she did not find it prudent to make these arrangements beforehand and simply notify the "different entities" if her travel was no longer required.

5. Finally, not a single prior court appearance has been convenient for myself, and likely not for the other defendants. The amount of money I will lose from time off from work at the very least amounts to the cost of a rental car or a train ticket. Plaintiff brought this action before the court, yet has been the only party involved to consistently seek special accommodations and quite clearly attempt to prevent this case from moving forward at all costs.

Sincerely,

Jason Bump

Cc: Keith F. Schockmel, Attorney at Law (via email), Colleen Galligan, Esq. (via email), Christopher Martin, Esq. (via email) Jaqueline Hankle (via email), Mary Bump (via email)