**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LOUISE A. MEANWELL,**
Individually, and on behalf of a
minor child, M.B.,

                **1:13-cv-624**
       Plaintiff,         **(GLS/CFH)**

        v.

**JACQUELINE HANKLE et al.,**

       Defendants.
_____
**APPEARANCES:**              **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Louise A. Meanwell
Pro Se
76 Westgate Drive
Annandale, NJ 08801

**FOR THE DEFENDANTS:**
Jacqueline Hankle
Pro Se
7727 Route 66
Averill Park, NY 12018

Jason Bump
Pro Se
106 Tollgate Road
Averill Park, NY 12018

Mary Bump
Pro Se
38 Penny Lane
Averill Park, NY 12018

*Ruth Supovitz*
Wilson, Elser Law Firm
677 Broadway - 9th Floor
Albany, NY 12207-2996

CHRISTOPHER J. MARTIN, ESQ.
THERESA B. MARANGAS, ESQ.

*Benedict Conboy, James Leonard*
HON. ERIC T. SCHNEIDERMAN
New York State Attorney General
The Capitol
Albany, NY 12224

COLLEEN D. GALLIGAN
Assistant Attorney General

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Louise A. Meanwell, individually and on behalf of a minor child, M.B., commenced this action against defendants Jacqueline Hankle, Jason Bump, Mary Bump, Ruth Supovitz, James Leonard, Benedict Conboy, and unidentified John and Jane Does, pursuant to 42 U.S.C. § 1983, alleging violations of her due process rights by the illegal disclosure and use of her confidential records. (*See generally* Am. Compl., Dkt. No. 14.) Pending are defendants' motions to dismiss for failure to prosecute.[1] (Dkt. Nos. 70, 72, 74, 75, 76.) For the reasons that follow,

---

[1] Formal motions were filed by Supovitz, (Dkt. No. 70), and Conboy and Leonard, (Dkt. No. 72). Following the filing of these motions, letter motions were filed by Mary Bump, Hankle, and Jason Bump, requesting to join in the pending motions to dismiss. (Dkt. Nos. 74-76.) By Text Only Order, this court granted those requests. (Dkt. No. 77.)

2

defendants' motions are granted.

## II. <u>Background</u>

Meanwhile commenced this action on May 31, 2013 by filing a complaint, (Dkt. No. 1), which she amended on June 19, 2013 by filing an amended complaint (*see generally* Am. Compl.). After joinder of issue, (Dkt. Nos. 27, 28, 29, 30, 34), the parties appeared before Magistrate Judge Christian F. Hummel for a Rule 16 conference. (Dkt. No. 45.) On September 11, 2013, Judge Hummel issued a Uniform Pretrial Scheduling Order, setting April 18, 2014 as the discovery deadline. (Dkt. No. 46.)

After the initial conference, and nearing the discovery deadline, defendants served notices to take the deposition of Meanwell on April 2, 2014. (Dkt. No. 72, Attach. 4 at 8.) Following receipt of these requests, on March 27, 2014, Keith Schockmel, then counsel for Meanwell, relayed concerns held by Meanwell regarding her testifying at a deposition in this action while criminal charges were pending against her in state court. (Dkt. No. 47.) By letter motion, Meanwell requested that the discovery deadline be extended until after the completion of her criminal trial in June or July. (*Id.*) After a discovery hearing, Judge Hummel ordered the discovery deadline extended until May 16, 2014, and ordered that, during Meanwell's

3

depositions, no questions were to be asked that related to her pending criminal charges. (Dkt. No. 50.) Meanwell's deposition was scheduled to occur on April 24, 2014, but on April 16, Meanwell requested that it be rescheduled because she was no longer available on that date. (Dkt. No. 72, Attach. 4 ¶¶ 6-7.) Defense counsel and Schockmel appeared to tentatively agree on a rescheduled date of May 8 for Meanwell's deposition, but the deposition did not take place, and Meanwell has still not been deposed in this matter. (*Id.* ¶¶ 8-9, 11.)

On May 6, Schockmel moved to withdraw as counsel, (Dkt. No. 54), and Judge Hummel scheduled a pre-motion filing conference for May 27, 2014, noting that both Meanwell and Schockmel "must be present at that conference," (Dkt. No. 55). This conference was adjourned until June 5, 2014, with the court again noting that Meanwell "must be present for the conference." (Dkt. No. 57.) Meanwell's requests to appear by telephone, (Dkt. Nos. 58, 59), were denied, (Dkt. Nos. 60, 61), and, in denying further requests by Meanwell to adjourn the conference or excuse her appearance at the conference, (Dkt. Nos. 62, 65), the court noted that the conference would remain on June 5, as Meanwell had "sufficient time to make arrangements to appear in-person," (Dkt. No. 64). Further, the court

4

advised Meanwell that "pursuant to Local Rule 41.2 . . . the failure to diligently prosecute an action may result in the dismissal of the case." (Dkt. No. 66.)

At the June 5 conference, which Meanwell failed to attend, the court granted Schockmel's unopposed application to be relieved as counsel, and provided Meanwell thirty days to obtain new counsel. (Dkt. No. 69.) The court also scheduled a second conference for July 8, 2014, in order to set a briefing schedule for a motion to dismiss to be filed by defendants. (*Id.*) The court ordered that Meanwell "MUST appear in person at that conference," and she was again advised that, pursuant to this court's local rules, "the failure to diligently prosecute this matter may result in the dismissal of this action." (*Id.*) As reflected in a July 8, 2014 minute entry, defendants appeared at that conference, but Meanwell "was not present." Defendants were given until August 11, 2014 to file motions to dismiss, which were subsequently filed on August 7 and 8. (Dkt. Nos. 70, 72.) Meanwell was originally given a deadline of August 29 to respond to the motions, although she was later given several extensions. (Dkt. Nos. 78, 79, 84, 88.)

Since the filing of defendants' motions, Meanwell has submitted

5

several letter motions requesting a stay of these proceedings until the completion of her criminal case, (Dkt. Nos. 81, 82), which were denied, (Dkt. No. 84.) On December 19, Meanwell notified the court that she is "not in a position to respond to the motions" to dismiss, because she "do[es] not feel comfortable responding to the motions . . . without the guidance and representation[ ] of legal counsel." (Dkt. No. 89 at 1.)

### III. Standard of Review

As pertinent here, Fed. R. Civ. P. 41(b)[2] permits dismissal of an action upon the motion of a defendant "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." "[D]ismissal for failure to prosecute is a 'harsh remedy to be utilized only in extreme situations.'" *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)). To determine whether dismissal for failure to prosecute is appropriate, the court must consider the five factors—none of which are dispositive—articulated in *Drake*:

---

[2] "Courts in this district analyze motions under [Local] Rule 41.2 using the same framework and standards as motions under Rule 41(b)." *Ireland v. Hickey*, 220 F.R.D. 388, 390 (N.D.N.Y. 2004). Local Rule 41.2(a) provides that "[w]henever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed."

6

> whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* at 254.

## IV. Discussion

At the outset, the court notes that Meanwell's failure to respond in opposition to the pending motion is not without significance; under this court's Local Rules, a party's failure to respond to a properly filed motion can constitute consent to the granting of that motion, so long as the court determines that the moving party has met its burden demonstrating entitlement to the relief requested. L.R. N.D.N.Y. 7.1(b)(3); *see Herring v. Tabor*, No. 9:12-CV-1739, 2014 WL 2946545, at *5 (N.D.N.Y. June 30, 2014) (noting that where a defendant's motion to dismiss is unopposed, the "burden of persuasion is lightened such that, in order to succeed, the motion need only be 'facially meritorious.'" (internal quotation marks and citation omitted)). Defendants argue that this action should be dismissed for failure to prosecute. (Dkt. No. 70, Attach. 2 at 6-9; Dkt. No. 72, Attach. 1 at 5-6.) Because defendants have accurately cited proper legal authority

supporting the ground upon which their motions are based, and after careful consideration of the relevant factors, which decidedly favor dismissal, the court agrees with defendants that dismissal is warranted. Accordingly, the motions are granted.

The first factor, which contemplates "whether the failures to prosecute were those of the plaintiff," and whether the failures caused delay of significant duration, favors dismissal. *Drake*, 375 F.3d at 255. Here, after the court extended the discovery deadline at Meanwell's request, (Dkt. Nos. 47, 50), and after her deposition had been scheduled, Meanwell's counsel advised defendants that she was no longer available to be deposed on the date scheduled, (Dkt. No. 70, Attach. 1 ¶¶ 12-13), and, as of the filing of defendants' motions, she had not been deposed nor had she had any contact with defendants in several months, (Dkt. No. 72, Attach. 4 ¶¶ 11-12). Further, Meanwell's failure to appear at conferences, even when expressly ordered to do so by Judge Hummel, required the court to adjourn and reschedule such conferences several times. (Dkt. Nos. 57, 64, 69.) Accordingly, the delay here is significant and weighs in favor of dismissal. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982) (explaining that dismissal may be warranted "after

merely a matter of months" (internal citation omitted)); *see also Brown v. Gen. Nutrition Cos., Inc.*, 356 F. App'x 482, 486 (2d Cir. 2009).

The second factor also favors dismissal of Meanwell's amended complaint. On more than one occasion, Meanwell received notice, by court order, that a failure to prosecute may lead to dismissal. (Dkt. Nos. 66, 69.) Local Rule 41.2(a), which provides that "[w]henever it appears that the plaintiff has failed to prosecute an action . . . diligently, the assigned judge shall order it dismissed," was alone sufficient to put Meanwell on notice of potential dismissal. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 194 n.7 (2d Cir. 1999); *see also Drake*, 375 F.3d at 256 (endorsing the proposition announced in *Shannon* that "a local rule of procedure may serve as notice that delay leads to dismissal"). Accordingly, the fact that Meanwell was on notice weighs in favor of dismissal.

Defendants next contend that Meanwell's failure to diligently prosecute this action has prejudiced them. (Dkt. No. 70, Attach. 2 at 8; Dkt. No. 72, Attach. 1 at 5-6.) At this point, the discovery deadline has passed, and defendants have not yet been able to depose Meanwell. (Dkt. No. 50; Dkt. No. 72, Attach. 4 ¶ 11). The lack of such discovery in this case, which was commenced over eighteen months ago and relates to

conduct that occurred as far back as 2000, (Am. Compl. ¶ 24), "will prejudice [defendants]' ability to defend against this action as the events recede further into the past and evidence becomes more stale." *U.S. ex rel. Pervez v. Maimonides Med. Ctr.*, No. 06 Civ. 4989, 2010 WL 890236, at *3 (S.D.N.Y. Mar. 9, 2010), *aff'd* 415 F. App'x 316 (2d Cir. 2011). Meanwell has failed to participate in discovery or comply with court-ordered conferences and discovery deadlines, and has not offered any valid excuse. *See Drake*, 375 F.3d at 256 ("Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable."). Accordingly, this factor weighs in favor of dismissal.

As to the final two factors, the court recognizes the importance of Meanwell's rights and its duty to protect her opportunity to have her day in court, but her failure to comply with court orders and her various requests for adjournments have caused the court to expend valuable resources conducting conferences without her presence and issuing orders directing compliance. (Dkt. Nos. 58, 59, 62, 65, 68, 81, 82.) Finally, it is apparent that lesser sanctions would be futile. On several occasions, Meanwell has failed to comply with court orders that she must attend conferences in

person, despite the court's warnings that she "MUST attend" and repeated advisements that her failure to prosecute this action may result in dismissal. (Dkt. Nos. 55, 57, 66, 69); *see Smith v. Human Res. Admin. of N.Y.C.*, No. 91 CIV. 2295, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding lesser sanctions inappropriate where "[c]ourt orders and direction [did] not prompt[ ] plaintiff to move her case forward"). Accordingly, after viewing the record as a whole, and considering the relevant factors, the court deems dismissal the only appropriate sanction, and grants defendants' motions.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motions to dismiss (Dkt. Nos. 70, 72, 74, 75, 76) are **GRANTED**; and it is further

**ORDERED** that Meanwell's amended complaint (Dkt. No. 14) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

11

February 19, 2015
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court