UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LOUISE A. MEANWELL,
Individually, and on behalf of a
minor child, M.B.,

                       **Plaintiff,**

                          v.

**JACQUELINE HANKLE et al.,**

                       **Defendants.**
_____

**1:13-cv-624
(GLS/CFH)**

## SUMMARY ORDER

Plaintiff *pro se* Louise A. Meanwell, individually and on behalf of a minor child, M.B., commenced this action against defendants Jacqueline Hankle, Jason Bump, Mary Bump, Ruth Supovitz, James Leonard, Benedict Conboy, and unidentified John and Jane Does, pursuant to 42 U.S.C. § 1983, alleging violations of her due process rights by the illegal disclosure and use of her confidential records. (*See generally* Am. Compl., Dkt. No. 14.) On February 19, 2015, this court dismissed Meanwell's amended complaint for failure to prosecute. (Dkt. No. 90.) Pending is Meanwell's motion to extend her time to appeal and to vacate the judgment. (Dkt. No. 93.) For the reasons that follow, the motion is denied.

Pursuant to the Federal Rules of Appellate Procedure, a party seeking to appeal is required to file a notice of appeal within thirty days of entry of judgment. *See* Fed. R. App. P. 4(a)(1)(A). The Rules also provide for a thirty-day grace period, after expiration of the initial thirty days, for a party to file a motion seeking an extension of the time to file a notice of appeal. *See* Fed. R. App. P. 4(a)(5). If the moving party files a motion for an extension within this second thirty-day period, and makes a showing of excusable neglect or good cause for an extension, the district court may grant such an extension. *See id.*; *Martinez v. Hoke*, 38 F.3d 655, 656 (2d Cir. 1994). However, "[t]he district court lacks jurisdiction under Rule 4(a)(5) to grant a motion that is filed beyond the [thirty]-day extension period." *Martinez*, 38 F.3d at 656 (citing *Melton v. Frank*, 891 F.2d 1054, 1056 (2d Cir. 1989) ("If . . . the motion to extend is not filed within subdivision (a)(5)'s grace period, the district court is without power to grant an extension.")).

As noted above, judgment was entered on February 19, 2015 dismissing Meanwell's action. (Dkt. Nos. 90, 91.) Here, Meanwell did not file her notice of appeal within thirty days of the entry of judgment, as required by Fed. R. App. P. 4(a)(1). Her notice of appeal was not filed until

April 21, 2015, the same day she filed her motion to extend the time to appeal.[1] (Dkt. Nos. 93, 95.) As her first thirty-day period, running from entry of judgment on February 19, 2015, expired on March 21, 2015, and, thus, her thirty-day grace period expired on April 20, 2015, Meanwell's motion for an extension of time to appeal is itself untimely. Meanwell agrees with this calculation of the relevant time periods, as she concedes that "the second [thirty] day[ ] period would seem to expire Monday, April 20, 2015," although she contends that she "mailed and served [her] motion by this date." (Dkt. No. 94 at 3-4.) This contention is corroborated by the mailing envelope attached to Meanwell's notice of appeal, which indicates a ship date of April 20, 2015, for delivery to the Clerk of the court on April 21. (Dkt. No. 95, Attach. 1.)

However, the fact that Meanwell mailed her motion before the deadline expired is of no moment, as it was not filed with the Clerk until after the deadline expired. Federal Rule of Appellate Procedure 25(a)(2)(A) makes clear that a "filing is not timely unless the clerk receives

---

[1] Although the filing of a notice of appeal, "[i]n general, . . . confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal," *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985), the filing of an untimely notice of appeal "neither confer[s] jurisdiction on th[e appeals] court nor divest[s] the trial court of jurisdiction to entertain [a] subsequent motion to extend the filing deadline," *Gilda Indus., Inc. v. United States*, 511 F.3d 1348, 1351 (Fed. Cir. 2008).

the papers within the time fixed for filing." *See Zhong Guang Sun v. U.S. Dep't of Justice*, 421 F.3d 105, 108 (2d Cir. 2005); *Ludgood v. Apex Marine Corp. Ship Mgmt.*, 311 F.3d 364, 367 (5th Cir. 2002) (noting that it is "well established that a notice of appeal is effective on the date it is actually filed, and is filed as of the date it is actually received by the court, not as of the date it is mailed" (internal citations omitted)); *In re Combined Metals Reduction Co.*, 557 F.2d 179, 203 (9th Cir. 1977) ("[T]he notice of appeal must be filed with the district court within the proper period; therefore, the fact that the notices were dated prior to the final day does not save the appeals."). Accordingly, as Meanwell failed to file her motion within the thirty-day grace period, this court "lacks jurisdiction under Rule 4(a)(5) to grant [her] motion," *Martinez*, 38 F.3d at 656, and therefore her request for an extension of time to file her notice of appeal is denied.[2] *See Cohen v. Empire Blue Cross & Blue Shield*, 142 F.3d 116, 118-19 (2d Cir.

---

[2] The court also notes that Meanwell has failed to establish any basis for a finding of good cause or excusable neglect that would merit an extension of time to appeal, even if her motion had been timely filed. The only argument her motion can be construed to set forth is that she has been unable to retain counsel to assist her with this matter, and that, if she had, she would have filed a timely notice of appeal. (Dkt. No. 94 at 2-4.) This, by itself, does not suffice to establish good cause or excusable neglect, which would be required in order for the court to grant her motion. *See, e.g.*, *Sprint Commc'ns Co. v. Ucon Telecomms. Network, Inc.*, 138 F. App'x 607, 609 (5th Cir. 2005) (holding that a "failure to timely appeal . . . due to . . . inability to obtain qualified appellate counsel . . . is not a sufficient basis for the requisite good cause or excusable neglect").

1998) (noting that, even in the case of a *pro se* plaintiff/appellant, "[t]he district court . . . lacks jurisdiction to grant any extension motion that is not filed within Rule 4(a)(5)'s [thirty]-day grace period" (internal quotation marks and citations omitted)).

With respect to the remainder of Meanwell's motion, Meanwell relies on Federal Rule of Civil Procedure 60(b)(4) and (6) as the basis to vacate or set aside the court's dismissal of her amended complaint. (Dkt. No. 93; Dkt. No. 94 at 1, 4-11.) Under Rule 60(b)(4), the court "may relieve a party or its legal representative from a final judgment, order, or proceeding" because "the judgment is void." "A judgment is void under Rule 60(b)(4) . . . 'only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 193 (2d Cir. 2006) (quoting *Texlon Corp. v. Mfrs. Hanover Commercial Corp.*, 596 F.2d 1092, 1099 (2d Cir. 1979)). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). "A judgment is not void . . . simply because it is or

may have been erroneous." *Id.* at 270 (internal quotation marks and citation omitted). Under Rule 60(b)(6), a party may also seek to vacate a judgment or order for "any other reason that justifies relief."

Meanwell appears to argue that the judgment of dismissal is void because both this court and the assigned magistrate judge should have disqualified themselves from presiding over this action. (Dkt. No. 94 at 4-11.) However, Meanwell has failed to address any recognized basis upon which the underlying judgment dismissing her pleading for failure to prosecute is void. She has made no argument that the court lacked jurisdiction over the subject matter or parties to this action, nor has she argued that she has been deprived of notice or an opportunity to be heard. *See Grace*, 443 F.3d at 193. To the contrary, Meanwell was given adequate notice and sufficient opportunity to be heard on defendants' underlying motions to dismiss, as the deadline for her to respond was extended several times to accommodate her response. (Dkt. Nos. 78, 79, 84, 88.) Ultimately, Meanwell affirmatively indicated to the court that she would not be responding to the motion because she did "not feel comfortable responding" without counsel. (Dkt. No. 89 at 1.) In her instant motion to vacate, Meanwell continues to assert that she should have been

assigned counsel, and that the court's decision is incorrect, (Dkt. No. 94 at 5-6, 11), but a judgment is not void simply because it may be erroneous, *see Espinosa*, 559 U.S. at 270.

Furthermore, to the extent Meanwell's motion can be construed, given her *pro se* status, as directly seeking disqualification of this court, such a motion would likewise be denied. Although Meanwell "has cited no legal basis for [her] request, the court must presume [her] motion[ ] rel[ies] on 28 U.S.C. §§ 144 and 455." *DeGroote v. City of Troy*, No. 1:09-CV-413, 2010 WL 2594496, at *1 (N.D.N.Y. June 23, 2010). "The standard for recusal under both sections is 'whether a reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned.'" *Id.* (quoting *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987)). "Or phrased differently, would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992).

Meanwell simply contends that "Canon 3(c)(1)(e)" of the Code of Conduct for United States Judges "appears to make mandatory [d]isqualification where the [j]udge acted in a previous judicial position,"

7

and that "this [c]ourt itself was involved in a prior [j]udicial position at [h]earings in Buffalo, NY that were ongoing for nearly [four] years[,] all of which relate or have relevance to this action . . . and some of the named defendants." (Dkt. No. 94 at 5.) Meanwell's single generic factual contention regarding this court's past participation in some undescribed hearings that she believes may somehow be relevant to this action is simply incorrect and unavailing. The court thus finds no basis, pursuant to 28 U.S.C. §§ 144 and 455, to disqualify itself from adjudicating this action. Consequently, Meanwell's motion seeking to set aside the judgment under Fed. R. Civ. P. 60(b) is denied.[3]

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Meanwell's motion (Dkt. No. 93) is **DENIED**; and it is further

**ORDERED** that Meanwell's notice of appeal (Dkt. No. 95) is **DISMISSED** as untimely; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties and upon plaintiff by certified mail.

---

[3] In light of the patent untimeliness and lack of merit in Meanwell's motion, the court did not require responses from defendants, although Supovitz did file an affidavit in opposition to the motion. (Dkt. No. 101.)

**IT IS SO ORDERED.**

May 13, 2015
Albany, New York

_/s/ Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court